In the United States District Court
for the District of Utah, Central Division

| | |
|---|---|
| MICHEL-GALVIZ ASENCION,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | **ORDER**<br><br>Case No. 2:98CR-601<br><br>2:07 CV 203 |

On April 2, 2007, Defendant filed a Motion for Time Reduction by an Inmate in Federal Custody under 28 U.S.C. § 2255. In his motion, Defendant argues that he was denied certain privileges granted to citizen inmates because of his deportation alien status. As a deportation alien, Defendant is ineligible for pre-release programs including drug programs and Unicor jobs. Due to that fact, Defendant claims that he should be entitled to a downward departure in sentence by two points, and therefore a shorter prison term. In his Motion, Defendant cited the Equal Rights Protection clause of the Fourteenth Amendment of the United States Constitution, as well as the Fifth Amendment and The Equal Rights Act of 1964.

The Tenth Circuit has held that equal protection of deportation aliens in custody is not violated where participation in certain pre-release programs is not offered. *U.S. v. Tamayo*, 162 Fed.Appx. 813 (10th Cir. 2006). The Court has further held that privileges like pre-release programs are "collateral consequences" of a defendant's deportable alien status and that "collateral consequences" are not grounds for a downward departure of a defendant's sentence. *Id.* at 814 (citing *U.S. v. Mendoza-Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993)). *Id.* In *Tamayo*,

the Court held that "The federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis." *Id.* at 816 (citing *Soskin v. Reinertson*, 353 F.3d 1242, 1254 (10th Cir. 2004)). "There is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement." *Id.* at 816. The Defendant's claims are almost identical to those of the defendant in the *Tamayo* case. Therefore, the Defendant is not eligible for a reduction in sentence or other pre-release privileges due to his deportable alien status.

For the foregoing reasons, petitioner's Motion for Time Reduction by an Inmate in Federal Custody pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.

DATED this 16th day of April, 2007.

J. THOMAS GREENE

UNITED STATES DISTRICT JUDGE